**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| Mel J. and Vivian C. Hill, et al., ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civ. Action No. 1:99CV03346 (TPJ) |
| ) | |
| v. ) | |
| ) | **FILED** |
| Republic of Iraq and Saddam Hussein in his official ) | |
| capacity as President of the Republic of Iraq, ) | APR 1 0 2001 |
| ) | |
| Defendants. ) | NANCY MAYER WHITTINGTON, CLERK |
| ) | U.S. DISTRICT COURT |

**PLAINTIFFS' MOTION TO JOIN THIRTEEN ADDITIONAL PLAINTIFFS**
**AND SUPPORTING POINTS AND AUTHORITIES**

Plaintiffs Mel J. and Vivian C. Hill et al., by and through undersigned counsel,

move this Court pursuant to Rule 21 of the Federal Rules of Civil Procedure for an order joining

as additional plaintiffs in this action: Kathy Clancy; Robert Hatcher; Elsie Lucille Hughes;

Eugene Albert Hughes; Sue Nielson (as Executrix of the Estate of Vernon Stuart Nielson and on

her own behalf); Bobby Gene Parker Sr.; Lynda Davis Parker; Edward Smiley; Taleb N. Subh;

Donald Gene Whatley; Doris Louise Whatley; Jamal Yassen; and Thalia Yassen.

## ARGUMENT

This is an action brought against the Republic of Iraq ("Iraq") and its President,

Saddam Hussein ("Hussein"), under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C.

§§ 1602 *et seq.*, by certain American citizens who were taken hostage by Iraq following its

invasion of the State of Kuwait on August 2, 1990 ("the plaintiff-hostages"), and by their

spouses ("the plaintiff-spouses").

36

On January 31, 2001, plaintiffs filed with this Court a motion to add six additional parties as plaintiff-hostages in this action.  That motion remains pending.[1]  By their present motion, plaintiffs ask this Court to add nine new parties as plaintiff-hostages; three new parties as plaintiff-spouses; and one party as both a plaintiff-hostage and a plaintiff-spouse.[2]  Like the original plaintiff-hostages and those who are the subject of plaintiffs' January 31 joinder motion, the plaintiff-hostages who are the subject of this motion are U.S. citizens who were physically present in Iraq or Kuwait between August 2, 1990 through December 31, 1990 and who, during that period, were detained or seized by defendants.[3]  And, like the original plaintiff-spouses, each one of the plaintiff-spouses who is the subject of this motion was in August 1990 married to a plaintiff-hostage.[4]

The arguments in support of joining additional parties as plaintiffs in this action are fully set forth in the points and authorities supporting plaintiffs' joinder motion, filed on January 31,

---

[1]  Also pending before this Court are three additional motions: (1) plaintiffs' motion (filed June 14, 2000) to certify a class of "plaintiff-hostages," consisting of American citizens who were present in Iraq or Kuwait at the time of the Iraqi invasion of Kuwait and who were subsequently detained by Iraq; (2) plaintiffs' motion (filed November 8, 2000) to certify a separate class of "plaintiff-spouses," consisting of individuals who were the spouses of such plaintiff-hostages; and (3) plaintiffs' renewed motion for default judgment on the issue of liability only (filed January 19, 2001).  A status conference is scheduled for April 30, 2001.

[2]  Putative plaintiff Sue Nielson seeks to join this action both in her capacity as Executrix of the Estate of her late husband Vernon Stuart Nielson, who was himself a hostage; and on her own behalf as the spouse of a hostage.

[3]  *See* Declaration of Kathy Clancy, executed on April 7, 2001, ¶¶ 3, 5-7; Declaration of Robert Hatcher, executed on March 29, 2001, ¶¶ 3, 5 -7; Declaration of Elsie Lucille Hughes, executed on April 5, 2001, ¶¶ 3, 5 -7; Declaration of Eugene Albert Hughes, executed on April 5, 2001, ¶¶ 3, 5 -7; Declaration of Sue Nielson, executed on March 30, 2001, ¶¶ 3-5, 7-9; Declaration of Bobby Gene Parker, Sr., executed on March 26, 2001, ¶ 3, 5-7; Declaration of Edward Smiley, executed on April 7, 2001, ¶¶ 3, 5 -6; Declaration of Taleb N. Subh, executed on March 28, 2001, ¶¶ 2, 3-6; Declaration of Donald Gene Whatley, executed on April 5, 2001, ¶¶ 3, 5-7;  and Declaration of Jamal Yassen, executed on April 6, 2001, ¶¶ 3, 5-7.  These Declarations are attached hereto as Exhibits A through J.

[4]  *See*  Declaration of Sue Nielson, executed on March 30, 2001, ¶¶ 3, (Exhibit E); Lynda Davis Parker, executed on March 28, 2001, ¶¶ 3; Declaration of Doris Louise Whatley, executed on April 5, 2001, ¶¶ 3; and Declaration of Thalia Yassen, executed on April 6, 2001, ¶¶ 3. These Declarations are attached hereto as Exhibits K through M.

2001. For precisely the same reasons, plaintiffs' present motion to join thirteen additional parties as plaintiffs should be granted as well.[5]

## CONCLUSION

For the aforementioned reasons, plaintiffs' motion to join thirteen additional plaintiffs should be granted.

Dated:          Washington, D.C.
                April 10, 2001

Respectfully submitted,

Daniel Wolf
D.C. Bar No. 429697
Michael Lieder
D.C. Bar No. 444273
SPRENGER & LANG, PLLC
1614 Twentieth Street, N.W.
Washington, D.C. 20009
(202) 265-8010

Attorneys for Plaintiffs

---

[5]     Because neither the defendants nor their counsel have yet entered an appearance in this case, counsel for plaintiffs have been unable to contact "opposing counsel" as required by Rule LCvR 7.1(m) of the Rules of the United States District Court for the District of Columbia, to determine whether there is any opposition to the relief being sought.

*A*

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

Mel J. and Vivian C. Hill, et al.,                      )
                                                        )
                      Plaintiffs,                       )
                                                        )        Civ. Action No. 1:99CV03346 (TPJ)
              v.                                         )
                                                        )
Republic of Iraq and Saddam Hussein in his official )
capacity as President of the Republic of Iraq,          )
                                                        )
                      Defendants.                       )
                                                        )

**FILED**

APR 1 0 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**DECLARATION OF KATHY CLANCY**

Kathy Clancy, under penalty of perjury, declares:

1.     I live at 4328 Timberdale Road, Moor Park, CA 93021.

2.     I was born on May 31, 1960 in Kalamazoo, Michigan.

3.     In August 1990, I was living with my husband and two sons – Shaheen
and Yousef – in Sabah Al Salem, Kuwait, where I had relocated
approximately five years earlier.

4.     During that five year period before the August 1990 Iraqi invasion of
Kuwait, I was able to move freely about the country and could have left Kuwait at any time.
This situation changed on August 2, 1990, when Iraqi armed forces invaded Kuwait.

5.     Following the invasion, Saddam Hussein, the President of the Republic of
Iraq, issued an order prohibiting all U.S. citizens from leaving either Iraq or Kuwait.  Pursuant to
President Hussein's directive, all American citizens were required to congregate at specified
locations in Kuwait and Iraq and were confined to those and other locations.  American citizens
who were found outside these locations were subject to both seizure by Iraqi security forces, and

forced relocation to military installations and other strategic sites where they were detained as "human shields" in order to prevent allied air attack.

6.    On the day of the invasion, my husband was seized by the Iraqi authorities and transported to Iraq. Shortly thereafter, I learned of the Iraqi directive instructing American citizens to report to hotels and other locations. Fearing for my safety, and the safety of my sons, I disobeyed that instruction and we hid from the Iraqi troops in my private residence.  We remained there for approximately one month. At the beginning of September, Iraqi troops entered and searched our home, after which my sons and I moved to another private residence, where we remained in hiding for about one week prior to our departure.

7.    I was held hostage, along with my sons, in Kuwait until approximately September 18th, 1990, when, pursuant to a later order by Saddam Hussein, we were permitted to leave Kuwait and return to the United States.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on April **7**, 2001.


*Kathy Clancy*
Kathy Clancy

*B*

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| Mel J. and Vivian C. Hill, et al.,  ) | |
| ) | |
| Plaintiffs,  ) | Civ. Action No. 1:99CV03346 (TPJ) |
| ) | |
| v.  ) | |
| ) | |
| Republic of Iraq and Saddam Hussein in his official ) | |
| capacity as President of the Republic of Iraq,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

**FILED**

APR 1 0 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**DECLARATION OF ROBERT HATCHER**

Robert Hatcher, under penalty of perjury, declares:

1.    I live in Knoxville, Tennessee.  I was born on June 29, 1950.

2.    I am a natural born citizen of the United States.

3.    In 1990, I worked as a technician for Halliburton Energy Services.  I had arrived in Kuwait in July 1990 for temporary services on a project based in Ahmadi, Kuwait.

4.    During approximately a two-week period before the August 1990 Iraqi invasion of Kuwait, I was able to move freely about the country and could have left Kuwait at any time.  This situation changed on August 2, 1990, when Iraqi armed forces invaded Kuwait.

5.    When the invasion began, Saddam Hussein, the President of the Republic of Iraq, issued an order prohibiting all U.S. citizens from leaving either Iraq or Kuwait.  Pursuant to President Hussein's directive, all American citizens were required to congregate at specified locations in Kuwait and Iraq and were confined to those and other locations.  American citizens who were found outside these locations were subject to both seizure by Iraqi security forces, and

forced relocation to military installations and other strategic sites where they were detained as "human shields" in order to prevent allied air attack.

6.    On August 2, 1990, armed Iraqi troops took me from Kuwait against my will and brought me to Baghdad, Iraq where I was detained for two weeks at a hotel. I was then taken to a camp near the Syrian border, where I was held for approximately ten days. Subsequently, I was taken with several other hostages to an electrical power plant that was part of an industrial complex/military installation. I was detained there by Iraqi forces, and used as a human shield for the next three months.

7.    I was held hostage in Iraq until approximately December 9, 1990, when, pursuant to a later order by Saddam Hussein, I was permitted to leave Iraq and return to the United States.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 29, 2001.

Robert Hatcher

C

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| Mel J. and Vivian C. Hill, et al., ) | |
| ) | |
| Plaintiffs, ) | Civ. Action No. 1:99CV03346 (TPJ) |
| ) | |
| v. ) | |
| ) | |
| Republic of Iraq and Saddam Hussein in his official ) | |
| capacity as President of the Republic of Iraq, ) | |
| ) | |
| Defendants. ) | |

**FILED**

APR 1 0 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**DECLARATION OF ELSIE LUCILLE HUGHES**

Elsie Lucille Hughes, under penalty of perjury, declares:

1.    I live at 1025 Western Meadows Ct., NW, Albuquerque, New Mexico.

2.    I was born on July 18, 1927 in Lake County, IL.

3.    I arrived in Kuwait on July 27, 1990. My husband and I were on a temporary visit, staying at our son's villa in Kuwait City.

4.    During that 6-day period before the August 1990 Iraqi invasion of Kuwait, I was able to move freely about the country and could have left Kuwait at any time. This situation changed on August 2, 1990, when Iraqi armed forces invaded Kuwait.

5.    When the invasion began, Saddam Hussein, the President of the Republic of Iraq, issued an order prohibiting all U.S. citizens from leaving either Iraq or Kuwait.  Pursuant to President Hussein's directive, all American citizens were required to congregate at specified locations in Kuwait and Iraq and were confined to those and other locations. American citizens who were found outside these locations were subject to both seizure by Iraqi security forces, and

forced relocation to military installations and other strategic sites, where they were detained as "human shields" in order to prevent allied air attack.

6.    On the day of the invasion, I was at my son's villa with my husband and son. We heard the aircraft above us, as a nearby depot had just been bombed. Shortly thereafter, we learned of the Iraqi directive instructing American citizens to report to hotels and other locations.  Fearing for my safety, my son disobeyed that instruction and hid me from the Iraqi authorities. I remained in hiding at his house for the entire duration of the crisis.

7.    I was held hostage until approximately September 15, 1990, when, pursuant to an order from Saddam Hussein, I was permitted to leave Kuwait and return to the United States.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 5, 2001.


Elsie L. Hughes



# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

Mel J. and Vivian C. Hill, et al.,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiffs,　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Civ. Action No. 1:99CV03346 (TPJ)
　　　　　　　v.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
Republic of Iraq and Saddam Hussein in his official )
capacity as President of the Republic of Iraq,　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendants.　　　　)
　　　　　　　　　　　　　　　　　　　)

**FILED**

APR 1 0 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DECLARATION OF EUGENE ALBERT HUGHES

Eugene A. Hughes, under penalty of perjury, declares:

1.　　I live at 1025 Western Meadows Ct., NW, Albuquerque, New Mexico.

2.　　I was born on November 9, 1921 in Knoxville, IL.

3.　　I arrived in Kuwait on July 27, 1990. My wife and I were on a temporary visit, staying at our son's villa in Kuwait City.

4.　　During that 6-day period before the August 1990 Iraqi invasion of Kuwait, I was able to move freely about the country and could have left Kuwait at any time.  This situation changed on August 2, 1990, when Iraqi armed forces invaded Kuwait.

5.　　When the invasion began, Saddam Hussein, the President of the Republic of Iraq, issued an order prohibiting all U.S. citizens from leaving either Iraq or Kuwait.  Pursuant to President Hussein's directive, all American citizens were required to congregate at specified locations in Kuwait and Iraq and were confined to those and other locations. American citizens who were found outside these locations were subject to both seizure by Iraqi security forces, and

forced relocation to military installations and other strategic sites, where they were detained as "human shields" in order to prevent allied air attack.

6.     On the day of the invasion, I was at my son's villa with my wife and son. We heard the aircraft above us, as a nearby depot had just been bombed. Shortly thereafter, we learned of the Iraqi directive instructing American citizens to report to hotels and other locations. Fearing for my safety, my son disobeyed that instruction and hid me from the Iraqi authorities. I remained in hiding at his house for the entire duration of the crisis.

7.     I was held hostage until approximately December 7, 1990, when, pursuant to a later order by Saddam Hussein, I was permitted to leave Kuwait, and flown to the United States via Baghdad and Germany.


I declare under penalty of perjury that the foregoing is true and correct. Executed on April 5, 2001.

Eugene A. Hughes

$\mathcal{E}$

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

Mel J. and Vivian C. Hill, et al.,  )
)
　　　　　　　　Plaintiffs,  )
)
　　　　　　v.  )
)
Republic of Iraq and Saddam Hussein in his official )
capacity as President of the Republic of Iraq,  )
)
　　　　　　　　Defendants.  )
)

Civ. Action No. 1:99CV03346 (TPJ)

**FILED**

APR 1 0 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### DECLARATION OF SUE NIELSEN

Sue Nielsen, under penalty of perjury, declares:

1.　　I reside at 2820 Darby Falls Drive, Las Vegas, Nevada 89134.

2.　　I was born on December 13, 1937 in Lamar, Colorado.

3.　　My husband, Vernon Stuart Nielsen, was born in Clay Center, Kansas on October 1, 1937.

4.　　In 1990, my husband was employed by Bechtel Corporation as a project manager.  In approximately May 1990, he traveled to Iraq where he was assigned by Bechtel to a project based in Baghdad.

5.　　From May 1990 until shortly before the August 1990 Iraqi invasion of Kuwait, my husband was able to move about Iraq with relative freedom, and could have left Iraq at anytime.  This situation changed on August 2, 1990, when Iraqi armed forces invaded Kuwait.

6.　　Shortly after the invasion, Saddam Hussein, the President of the Republic of Iraq, issued an order prohibiting all U.S. citizens from leaving either Iraq or Kuwait.  Pursuant to President Hussein's directive, all American citizens were required to congregate at specified

locations in Kuwait and Iraq and were detained at those and other locations. American citizens who were found outside these locations were subject to seizure by Iraqi security forces and forced relocation to military installations and other strategic sites where they were detained as "human shields" in order to prevent allied air attack.

7.    As a result of these directives, my husband was forced to move from the apartment hotel, where he had been staying, and sought refuge at the U.S. Ambassador's residence in Baghdad. He was forced to remain at the residence until December 1990, when pursuant to a later directive from Saddam Hussein, he was permitted to leave Iraq and return to the United States.

8.    During the period that my husband was held hostage in Iraq, I lived in constant fear for his safety and well-being and suffered from emotional distress.

9.    My husband died on April 10, 2000.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 30, 2001.


Sue Nielsen



## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Mel J. and Vivian C. Hill, et al., ) | |
| ) | |
| Plaintiffs, ) | Civ. Action No. 1:99CV03346 (TPJ) |
| ) | |
| v. ) | **FILED** |
| ) | APR 1 0 2001 |
| Republic of Iraq and Saddam Hussein in his official ) | |
| capacity as President of the Republic of Iraq, ) | NANCY MAYER WHITTINGTON, CLERK |
| ) | U.S. DISTRICT COURT |
| Defendants. ) | |

## DECLARATION OF BOBBY GENE PARKER, SR.

Bobby Gene Parker, Sr., under penalty of perjury, declares:

1.     I live in 1955 Dogwood Drive, Vidor, Texas. I was born on August 15, 1941.

2.     I am a natural born citizen of the United States.

3.     From January to August 2, 1990, I worked for the Kuwait Sante Fe Drilling Company as an electrician. I was assigned to a project in Northern Kuwait about 200 meters from the Iraqi border.

4.     From the moment I arrived in Kuwait until shortly before the August 1990 Iraqi invasion of Kuwait, I was able to move freely about the country and could have left Kuwait at anytime. This situation changed on August 2, 1990, when Iraqi armed forces invaded Kuwait.

5.     When the invasion began, Saddam Hussein, the President of the Republic of Iraq, issued an order prohibiting all U.S. citizens from leaving either Iraq or Kuwait. Pursuant to President Hussein's directive, all American citizens were required to congregate at specified locations in Kuwait and Iraq and were detained at those and other locations. American citizens

who were found outside these locations were subject to seizure by Iraqi security forces and forced relocation to military installations and other strategic sites where they were detained as "human shields" in order to prevent allied air attack.

      6.    On August 2, 1990, armed Iraqi troops took me from Kuwait against my will and brought me to Baghdad, Iraq where I was detained for two weeks at the Al Rasheed Hotel. On the evening of August 16, I was then taken to a camp near the Syrian border, where I was held for approximately three days. During the next three months, I was taken to several other strategic locations in Iraq where I was detained by Iraqi forces and used as a human shield.

      7.    I was held hostage in Iraq until approximately December 7, 1990, when, pursuant to a later order by Saddam Hussein, I was permitted to leave Iraq and return to the United States.

      I declare under penalty of perjury that the foregoing is true and correct. Executed on March 26, 2001.

*Bobby Gene Parker Sr.*
Bobby Gene Parker, Sr.

G

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| Mel J. and Vivian C. Hill, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| Republic of Iraq and Saddam Hussein in his official capacity as President of the Republic of Iraq, | ) |
| Defendants. | ) |

Civ. Action No. 1:99CV03346 (TPJ)

**FILED**

APR 1 0 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**DECLARATION OF EDWARD SMILEY**

Edward Smiley, under penalty of perjury, declares:

1.    I live at 1550 Talmadge Street, Los Angeles, CA, 90027.

2.    I was born on July 4, 1948 in Los Angeles.

3.    I arrived in Al-Jaberiyah on July 31, 1990, on contract as a database administrator with the Public Institute of Social Security.

4.    Following the invasion of Kuwait on August 2, 1990, Saddam Hussein, the President of the Republic of Iraq, issued an order prohibiting all U.S. citizens from leaving either Iraq or Kuwait. Pursuant to President Hussein's directive, all American citizens were required to congregate at specified locations in Kuwait and Iraq and were detained at those and other locations. American citizens who were found outside these locations were subject to seizure by Iraqi security forces and were forcibly relocated to military installations and other strategic sites, where they were detained as "human shields" in order to prevent allied air attack.

5.    Very shortly after the invasion, I learned that American citizens were being seized by the Iraqi authorities and transported to Iraq. Fearing for my safety, I went into

hiding with my colleagues at a private residence. I remained in hiding there for approximately one month, until September 1, when I was captured by Iraqi soldiers and taken to the International Airport. I was then blindfolded and held at a hotel, before being taken on a 12 hour bus journey, during which the other hostages and myself were not provided with any water. We arrived at bunkers attached to an irrigation facility in the Iraqi desert, where we were held hostage. Over the next three months, I was taken to several other strategic locations in Iraq where I was detained by Iraqi forces and used as a "human shield".

6.     I was held hostage in Iraq until approximately December 13, 1990, when, pursuant to a later order by Saddam Hussein, I was permitted to leave Iraq and return to the United States.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 07, 2001.

Edward Smiley

$\mathcal{H}$

ALL-STATE LEGAL SUPPLY CO.  1-800-222-0510  EG511   RECYCLED

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

Mel J. and Vivian C. Hill, et al.,                          )
                                                            )
                        Plaintiffs,        )
                                                            )          Civ. Action No. 1:99CV03346 (TPJ)
                    v.        )
                                                            )
Republic of Iraq and Saddam Hussein in his official )
capacity as President of the Republic of Iraq,              )
                                                            )
                  Defendants.        )
                                                            )

FILED

APR 1 0 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**DECLARATION OF TALEB N. SUBH**

Taleb N. Subh, under penalty of perjury, declares:

        1.      I live at 2426 East 50th Street, Apt. No. 4, Davenport, Iowa.  I was born on August 5, 1975, in Dubuque, Iowa.

        2.      On June 26, 1990, I traveled to Kuwait to visit relatives.  For the five weeks that I was in Kuwait – from June 26, 1990 until August 1, 1990 – I was able to move freely about the country and could have left Kuwait at any time.  This situation changed on August 2, 1990, when Iraqi armed forces invaded Kuwait.

        3.      When the invasion began, Saddam Hussein, the President of the Republic of Iraq, issued an order prohibiting all U.S. citizens from leaving either Iraq or Kuwait.  Pursuant to President Hussein's directive, all American citizens were required to congregate at specified locations in Kuwait and Iraq and were detained at those and other locations.  American citizens who were found outside these locations were subject to both seizure by Iraqi security forces and

forced relocation to military installations and other strategic sites, where they were detained as "human shields" in order to prevent allied air attack.

4.     At the time the invasion began, I was 14 years of age and staying at the home of one of my relatives in Kuwait City.  Shortly thereafter, Iraqi authorities instructed my relatives to bring me to a hotel in Kuwait in which other American citizens were being held.  Fearing for my safety and at great personal risk to themselves, my relatives disobeyed this instruction and, for the next several weeks, shuffled me from one house to another in an effort to hide me from the Iraqi security forces.

5.     By September 1, 1990, my relatives determined that the situation in Kuwait had become too dangerous for me to remain there any longer and so they devised a plan to smuggle me out of the country.  Disguised as a Palestinian and pretending to be mute, I was driven by my cousin to Baghdad on approximately September 2, 1990, where I hid in a hotel for a couple of days until my cousin managed to enlist the help of officials from the Irish Embassy who contacted the American Embassy on my behalf.  As a result of this contact, I was picked up by three U.S. marines who transported me to the American Embassy and subsequently to the residence of the American Ambassador.

6.     I remained at the Ambassador's residence for one week (until approximately September 7, 1990, when, pursuant to the order of Saddam Hussein, I was permitted to leave Iraq on a plane bound for Jordan, finally returning to the United States on approximately September 8.

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 28, 2001.

Taleb N. Subh



# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Mel J. and Vivian C. Hill, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| Republic of Iraq and Saddam Hussein in his official capacity as President of the Republic of Iraq, | ) |
| Defendants. | ) |

Civ. Action No. 1:99CV03346 (TPJ)

**FILED**

APR 1 0 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DECLARATION OF DONALD GENE WHATLEY

Donald Gene Whatley, under penalty of perjury, declares:

1.    I live in Shreveport, Louisiana.

2.    I was born in Shreveport on April 26, 1941.

3.    I arrived in Kuwait on the evening of August 1, 1990, where I was scheduled to begin work the following day with the Kuwait Sante Fe Drilling Company, as a drilling foreman attached to a project near the Iraqi border in Northern Kuwait.

4.    On August 2, 1990 -- the day after my arrival -- Iraqi armed forces invaded Kuwait.  When the invasion began, Saddam Hussein, the President of the Republic of Iraq, issued an order prohibiting all U.S. citizens from leaving either Iraq or Kuwait.  Pursuant to President Hussein's directive, all American citizens were required to congregate at specified locations in Kuwait and Iraq and were confined to those and other locations.  American citizens who were found outside these locations were subject to both seizure by Iraqi security forces, and forced relocation to military installations and other strategic sites, where they were detained as "human shields" in order to prevent allied air attack.

2

5.     On August 2, 1990, armed Iraqi troops took me from Kuwait against my will and brought me to Baghdad, Iraq, where I was held for about two weeks at the Al-Rasheed Hotel.  I was subsequently taken to three different strategic sites where I was detained by Iraqi forces, and used as a human shield.  First, I was taken to the Alcam phosphate plant near the Syrian border, where I was held for approximately two weeks.  I was next taken to a telecommunications center outside of Baghdad for approximately one month.  Finally, I was taken to another telecommunications center near the Tigris River in downtown Baghdad, where I was confined for the remainder of the crisis.

6.     I was held hostage in Iraq until approximately December 7, 1990, when, pursuant to an order by Saddam Hussein, I was permitted to leave Iraq and return to the United States.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 5, 2001.

Donald Gene Whatley

J

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| Mel J. and Vivian C. Hill, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Republic of Iraq and Saddam Hussein in his official capacity as President of the Republic of Iraq,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civ. Action No. 1:99CV03346 (TPJ)

**FILED**

APR 1 0 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### DECLARATION OF JAMAL YASSEN

Jamal Yassen, under penalty of perjury, declares:

1.    I live in Winnecomac Circle in Kings Park, New York.

2.    I was born in Jordan on May 25, 1960 and became a naturalized citizen of the United States in 1982.

3.    I arrived in Kuwait on August 1, 1990 for a business meeting with MTC (Mobile Telecommunications Company).

4.    On August 2, Iraqi forces invaded Kuwait.  Following the invasion, Saddam Hussein, the President of the Republic of Iraq, issued an order prohibiting all U.S. citizens from leaving either Iraq or Kuwait.  Pursuant to President Hussein's directive, all American citizens were required to congregate at specified locations in Kuwait and Iraq and were detained at those and other locations.  American citizens who were found outside these locations were subject to seizure by Iraqi security forces and forced relocation to military installations and other strategic sites where they were detained as "human shields" in order to prevent allied air attack.

5.      On the day of the invasion, I was staying at the Sheraton Hotel in downtown Kuwait City.  In the midst of the fighting, the hotel was occupied by Iraqi forces who seized me and took me to a park across the street, where I was forced to lay on the ground for several hours before being ordered to return to the hotel.  The next day, I was transported to Basra and jailed in a prison cell.  After being confined for two days without food or drinking water, I was transferred to the Basra Sheraton Hotel, where I was kept overnight.  On approximately August 6, I was bussed to Baghdad, where I was held in the Al-Rasheed Hotel for a period of approximately two weeks.

6.      On around August 18, Iraqi forces transported me, along with 36 other American citizens, to a chemical plant in Al'Quem where we were detained and used as "human shields."  After approximately one week, I was taken via Baghdad to Basra, where I was confined at two separate military installations for a total of about four days.  I was then taken to a power plant just outside Basra, where I continued to be detained as a human shield for about three weeks.  In mid-September, Iraqi forces transported me back to Baghdad and brought me to the residence of the American Ambassador, where I stayed for about two days.

7.      I was held hostage in Iraq until approximately September 18, 1990, when, pursuant to an order by Saddam Hussein, I was permitted to leave Iraq and return to the United States.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April _6_, 2001.

Jamal Yassen



**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

Mel J. and Vivian C. Hill, et al.,                )
                                                  )
                     Plaintiffs,                  )
                                                  )       Civ. Action No. 1:99CV03346 (TPJ)
                                                  )
              v.                                  )
                                                  )       **FILED**
Republic of Iraq and Saddam Hussein in his official )
capacity as President of the Republic of Iraq,    )       APR 1 0 2001
                                                  )
                     Defendants.                  )       NANCY MAYER WHITTINGTON, CLERK
                                                  )       U.S. DISTRICT COURT
_____

**DECLARATION OF LYNDA DAVIS PARKER**

Lynda Davis Parker, under penalty of perjury, declares:

1.      I reside on 1955 Dogwood Drive, in Vidor, Texas.

2.      I was born in Henderson, Texas on August 6, 1941.

3.      In August 1990, my then and current husband, Bobby Gene Parker, Sr.,

resided in Kuwait City where he was employed by Kuwait Santa Fe Drilling Company.

Following the Iraqi invasion of Kuwait on August, 2, 1990, he was trapped in Kuwait where he

was taken hostage by the Iraqi regime, forcibly relocated to Iraq, and detained at various

strategic locations where he was used as a "human shield" to prevent allied air attack, until he

was finally permitted to leave Iraq on December 7, 1990.  The details relating to my husband's

hostage-taking are accurately set forth in paragraphs 3 through 7 of his declaration, executed on

March 26, 2001.

4.      During the period that my husband was held hostage in Kuwait and Iraq, I lived in constant fear for his safety and well-being and suffered from extreme emotional distress.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 28, 2001.

Lynda Davis Parker

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| Mel J. and Vivian C. Hill, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Republic of Iraq and Saddam Hussein in his official | ) |
| capacity as President of the Republic of Iraq, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civ. Action No. 1:99CV03346 (TPJ)

**FILED**

APR 1 0 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**DECLARATION OF DORIS LOUISE WHATLEY**

Doris Louise Whatley, under penalty of perjury, declares:

1.      I reside in Shreveport, Louisiana.

2.      I was born on August 18, 1928 in Shreveport, Louisiana.

3.      On August 1, 1990, my then and current husband, Donald Gene Whatley,

arrived in Kuwait.  The next day Iraqi forces invaded Kuwait.  My husband found himself

trapped in that country where he was taken hostage by the Iraqi regime, forcibly relocated to

Iraq, and detained at various strategic locations where he was used as a "human shield" to

prevent allied air attack, until he was finally permitted to leave Iraq on approximately December

7, 1990.  The details relating to my husband's hostage-taking are accurately set forth in

paragraphs 3 through 6 of his declaration, executed on April 5, 2001.

4.     During the period that my husband was held hostage in Kuwait and Iraq, I lived in constant fear for his safety and well-being and suffered from extreme emotional distress.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 5, 2001.

Doris Louise Whatley

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Mel J. and Vivian C. Hill, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Republic of Iraq and Saddam Hussein in his official | ) |
| capacity as President of the Republic of Iraq, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civ. Action No. 1:99CV03346 (TPJ)

**FILED**

APR 1 0 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### DECLARATION OF THALIA YASSEN

Thalia Yassen, under penalty of perjury, declares:

1.      I live in Kings Park, NY.

2.      I was born on July 20, 1955 in New York.

3.      On August 1, 1990, my then and current husband, Jamal Yassen, was in Kuwait for a business meeting with MTC (Mobile Telecommunications Company).   On August 2, 1990, Iraqi forces invaded Kuwait.  My husband was trapped in that country where he was taken hostage by the Iraqi regime and forcibly relocated to Iraq. He was detained at certain strategic locations where he was used as a "human shield", to prevent allied air attack, until he was finally permitted to leave Iraq on approximately September 18, 1990.  The details relating to my husband's hostage-taking are accurately set forth in paragraphs 3 through 7 of his declaration, executed on April 6, 2001.

4.     During the period that my husband was held hostage, I lived in constant fear for his safety and well-being and suffered from extreme emotional distress.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 6, 2001.

Thalia Yassen