# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Mel J. and Vivian C. Hill, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civ. Action No. 1:99CV03346 (TPJ) |
| v. | ) | |
| | ) | |
| Republic of Iraq and Saddam Hussein in | ) | |
| his official capacity as President of the | ) | |
| Republic of Iraq, | ) | |
| Defendants. | ) | |

**FILED**

AUG 2 3 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER OF PROCEEDINGS

UPON CONSIDERATION and in view of the proceedings in open court at the status conference of June 29, 2001, and the entire record herein, it is on this 23rd day of August 2001, hereby, ORDERED that:

1.      An evidentiary hearing shall be held: (a) to determine the issue of punitive damages; (b) to determine the issue of compensatory damages as to each plaintiff who presents testimony during that hearing; and (c) to assist the Court in (i) dividing plaintiffs into subgroups based upon the location/nature of their (or their spouse's) confinement, and (ii) setting a minimum amount of "per diem" damages for members of each subgroup as compensation for the items of loss of liberty/emotional distress resulting from their (or their spouse's) confinement. *See Dellums v. Powell*, 566 F.2d 167 (D.C. Cir. 1977).

2.      Within twenty (20) days of the date upon which the evidentiary hearing is to commence, plaintiffs shall file with the Court a Pre-Trial Statement, which statement shall include: (a) a proposal for dividing plaintiffs into subgroups; (b) a list of

#44

the plaintiffs – at least one of which will come from each proposed subgroup – and witnesses who will be presenting testimony at the evidentiary hearing; (c) the items of damages that will be sought for each of the plaintiffs who will be presenting testimony and the amounts sought for each such item; and (d) a proposed minimum amount of "per diem" damages for members of each subgroup as compensation for the items of loss of liberty/emotional distress resulting from their (or their spouse's) confinement.

3.     Within seven (7) days of the date upon which the evidentiary hearing is to commence, plaintiffs' counsel shall file with the Court a document, entitled "Statement of Damages," on behalf of at least four members of each of the proposed subgroups identified in the Pre-Trial Statement that have four or more members. Each such Statement of Damages shall be supported by the sworn declaration of the plaintiff on whose behalf it is submitted and any other documentation that plaintiff wishes to present in support of his/her claim for compensatory damages. The "Statement of Damages" shall indicate: (a) which proposed subgroup (or subgroups) the plaintiff submitting the statement falls within; (b) whether the plaintiff seeks damages in addition to the minimum "per diem" amount for individuals in that subgroup; and, in the event a greater amount is sought, (c) the grounds upon which the plaintiff believes he/she is entitled to such greater amount. Plaintiffs may be entitled to more than the minimum "per diem" amount if they can demonstrate: (a) losses *in addition to* loss of liberty/emotional distress such as loss of income, loss of property or physical injury arising out of their or their spouse's detention in Iraq/Kuwait; and/or (b) loss of liberty/emotional distress that is significantly *more severe* than that of others in their subgroup by virtue of, for instance, their having been subject to particularly harsh

2

conditions of detention, their tender age, their having come under enemy fire and/or their having suffered from a severe emotional disorder such as post-traumatic stress disorder.

        4.      On the basis of the evidence presented at the evidentiary hearing, the Court shall: (a) issue a final judgment as to all claims of each plaintiff who has presented testimony at that hearing in accordance with Fed. R. Civ. P. 54(b), Fed. R. Civ. P. 55(a)(2) and 28 U.S.C. § 1608(e); and (b) identify any appropriate subgroups for categorizing plaintiffs and set a minimum amount of "per diem" damages for members of each such subgroup as compensation for the items of loss of liberty/emotional distress.

        5.      Each plaintiff who does not present testimony during the evidentiary hearing shall, within 60 days of such hearing, file a "Statement of Damages" in accordance with the requirements set forth in paragraph two of this Order.

        6.      In the case of each plaintiff who does not present testimony at the evidentiary hearing, the Court shall determine the amount of any compensatory damages to which he/she is entitled and issue final judgment on the basis of his/her "Statement of Damages" and any documents submitted in support thereof, unless the Court either orders an evidentiary hearing on its own motion or grants a motion that any plaintiff might submit seeking such a hearing.

Thomas Penfield Jackson
United States District Judge